ANTONIO GUIJARRO COBIÁN, demandante y apelado, *v.* OTILIA LLUBERAS NEGRONI, demandada y apelante.

Núm. 8206.—*Sometido:* Marzo 18, 1941. *Resuelto:* Mayo 21, 1941.

*Miguel Marcos Morales,* abogado de la apelante; *Arturo O'Neill,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se trata de fijar, después de decretado el divorcio, las relaciones familiares de un padre—cónyuge culpable—con su hija única habida en el matrimonio.

El pleito se inició por el padre por causa de abandono. Emplazada la madre negó que hubiera abandonado a su esposo y a su vez lo contrademandó pidiendo la disolución

del matrimonio por haber sido abandonada por su marido y por él injuriada gravemente y cruelmente tratada.

Las relaciones de familia entre el padre y la hija han dado lugar a varios incidentes. Primero, en diciembre 20, 1935, antes de resolverse el pleito, fueron reguladas por orden judicial en el sentido de permitir al padre reunirse con la hija durante dos días a la semana en un hogar respetable de Yauco designado por él y aprobado por la madre.

En febrero 29, 1936, se dictó sentencia declarando sin lugar la demanda y con lugar la contrademanda y en su consecuencia roto y disuelto el vínculo matrimonial, disponiéndose que la hija quedara bajo el cuidado y patria potestad de la madre. La sentencia fué apelada y pendiente el recurso volvió el padre a dirigirse a la corte pidiéndole que dictara una nueva orden concediéndole la custodia provisional de la hija, por haberse ausentado la madre de la isla. La corte por resolución de septiembre 15, 1936, declaró sin lugar la petición.

En el propio mes de septiembre de 1936, el día veinte y nueve, presentó el padre otra moción a la corte en solicitud de una enmienda a la orden de diciembre 28, 1935, decretando que la hija fuera traída a San Juan cada mes a pasar todo un día en el hogar de su abuela paterna. Señalada la vista de la moción, ambas partes estipularon que la niña fuera traída a San Juan un domingo cada mes y la corte aprobó lo estipulado en octubre 21, 1936.

En diciembre 11, 1936, esta Corte Suprema declaró sin lugar el recurso interpuesto confirmando la sentencia de divorcio de la corte de distrito en los mismos términos en que fué dictada. 50 D.P.R. 718.

Pasaron tres años y en enero 3, 1940, pidió el padre a la corte que en vez de traerse la hija a San Juan se le permitiera ir a buscarla personalmente un viernes por la tarde cada quince días y devolverla a la madre o a la persona en cuya custodia permanece el domingo siguiente. Se

opuso la madre.   Se celebró una larga vista—el récord taqui-
gráfico consta de ciento once páginas—y la corte finalmente
decidió:

"Que la niña Asunción Guijarro Lluberas sea traída a San Juan
donde su padre el Dr. Antonio Guijarro Cobián, o se permita a éste
traerla, una vez al mes, de manera que pase el tercer sábado de cada
mes con él, en su hogar, desde las 9 a. m. hasta la 5 p. m. y, asi-
mismo, que él pueda visitar a su hija en Yauco el primero, segundo
y cuarto domingo de cada mes, bien en la casa de doña Asunción Ne-
groni Vda. de Lluberas, donde reside, o en un lugar respetable de
Yauco que designe el demandante y apruebe la demandada, también
desde las 9 a. m. hasta las 6 p. m. debiendo, en el segundo caso, man-
darla a la casa de la demandada a las horas de comida para que reciba
sus alimentos."

Contra esa regulación apeló la madre, presentando su
abogado un alegato de setenta y cinco páginas que fué impug-
nado por el del padre con otro de diez.   No seremos nosotros
tan extensos.   Pesadas todas las circunstancias concurrentes
y tomados en consideración los antecedentes del caso que
obran en autos, nos parece demasiado fuerte el deber im-
puesto a la madre o a la abuela materna de traer la niña desde
Yauco a San Juan el tercer sábado de cada mes de manera
que pase con su padre desde las nueve de la mañana hasta
las cinco de la tarde.   Para cumplirlo tendrían que emplearse
tres días o que salirse de Yauco de madrugada regresando
a altas horas de la noche para hacerlo en uno.   No puede
olvidarse que se trata de un cónyuge culpable de abandono
del hogar y de trato cruel e injurias graves a la madre que
no ha demostrado en su conducta ulterior nada extraordi-
nario que justifique la medida.   Lo único que nos hace dudar
en si debemos modificar o no la orden es que la propia madre
se avino en 1936 a que la niña fuera traída a San Juan.
Sin embargo, esa duda desaparece cuando se toman en con-
sideración el tiempo transcurrido que permitió comprobar
en la práctica lo difícil de cumplir lo estipulado y el hecho
de haber sido el mismo padre el que suscitó de nuevo la

cuestión pidiendo aun más, permitiendo así a la madre al oponerse presentar al tribunal la situación en todos sus aspectos.

Tampoco creemos justificada la asignación del primero, segundo y cuarto domingos del mes para que la hija tenga que aguardar las visitas del padre en Yauco, lo que implica que la niña y con ella la madre o la abuela materna con quien vive se vean obligadas a permanecer a disposición del padre tres domingos de los cuatro que la mayor parte de las veces cuenta al mes, cuando es sabido que esos días se dedican a atenciones varias en diversos sitios gratas y aun necesarias a la felicidad de los seres humanos. Y si a ello se agrega el deber de traer la niña el tercer sábado de cada mes a San Juan, se completará una situación de dependencia tal que no debe subsistir.

Ya dijimos que no debe olvidarse que el peticionario es el cónyuge culpable según la sentencia decretativa del divorcio. El ser culpable no implica la pérdida de sus relaciones familiares con su hija, pero puede y debe tomarse en consideración para fijarlas de modo que sea él el que lleve la carga, dándosele además la oportunidad de demostrar en la realidad que su cariño es cierto y que sabe vencer cualquier dificultad con tal de cultivar y conservar el afecto de su hija.

Creemos que dos días cada mes sugeridos por el padre y aprobados por la madre, de diez de la mañana a cuatro de la tarde, en Yauco, en el hogar de la madre o de la abuela materna, o en cualquier otro sitio que el padre y la madre designen de común acuerdo, son suficientes, sin que ello implique que la niña deba permanecer en Puerto Rico en caso de que su bienestar requiera que, por motivos de salud, de educación o de sano recreo, salga por algún tiempo de la isla.

Estamos tratando de ser justos y quizá nos hayamos inclinado algún tanto del lado de la madre y en evitación de que ésta pueda interpretarlo así y adopte una conducta que no esté justificada, la conminamos a que actúe rectamente en el cumplimiento del deber que se le impone y no cree obs-

táculos a que el padre pueda comunicarse con su hija libremente en las dichas dos ocasiones cada mes. De otra suerte el padre podrá acudir de nuevo a la corte que habrá de resolver la situación que surja de acuerdo con los hechos y la ley guiada siempre por el bienestar de la hija que exige como algo natural el cultivo y preservación del afecto de su padre.

*La resolución apelada deberá en su consecuencia revocarse dictándose otra en los términos que se dejan indicados.*

El Juez Asociado Sr. Todd, Jr., no intervino.